UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEIDI DAVONNE BROWN, | |
| Plaintiff, | |
| v. | Cause No. 3:25-cv-00075-CCB-SJF |
| H&A PROSPER LLC, ET. AL, | |
| Defendants. | |

### ORDER

Heidi Davonne Brown filed a complaint and motion to proceed *in forma pauperis* on January 24, 2025. (ECF 1 & 2). On September 24, 2025, Ms. Brown filed a motion for permission to appeal *in forma pauperis* and affidavit using a Court of Appeals for the Eleventh Circuit form. (ECF 5). In her complaint, Ms. Brown alleges housing and discrimination practices against Defendant H&A Prosper LLC. (ECF 1).

Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." An individual is considered unable to pay the filing fee if he cannot, "because of his poverty . . . provide himself and his dependents with the necessities of life" after paying the fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotations omitted).

Federal Rule of Civil Procedure 8(a) requires that all complaints contain "a short and plain statement of grounds for the court's jurisdiction." Federal district courts have

original jurisdiction over federal question cases—that is, "civil actions arising under the Constitution, laws, or treaties of the United States"—along with diversity jurisdiction over lawsuits brought by citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. A basis for the Court's jurisdiction "must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890 (7th Cir. 2006) (quotations omitted). Ms. Brown's complaint seems to be based upon housing and discrimination practices by H&A Prosper LLC, which could establish federal jurisdiction if her complaint does not allege a claim that is "wholly insubstantial and frivolous" so as to be devoid of merit. See *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1256 (7th Cir. 1994).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must also determine whether "the action . . . is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Although the Court construes Ms. Brown's complaint liberally because of her *pro se* status, *see Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994), Federal Rule of Civil Procedure 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." That statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Ms. Brown's complaint includes "conclusory" allegations that H&A Prosper LLC discriminated against her and violated her rights with regard to fair and adequate

2

housing. Yet the complaint includes no facts connecting those allegations of misconduct to Ms. Brown herself. As a result, Ms. Brown's complaint lacks sufficient facts to state a plausible claim for relief as required under Federal Rule of Civil Procedure 8(a)(2). *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Thus, Ms. Brown's complaint "fails to state a claim on which relief may be granted" necessary for this Court to grant her motion for IFP. *See* 28 U.S.C. § 1915(e)(2)(B).

In addition, Ms. Brown's complaint names Keely Properties as a second defendant in the caption of her complaint. However, the complaint does not reference Keely Properties or make any factual allegations specific to it. (ECF 1). "[M]erely naming [a defendant] in the caption of [a] complaint [is] not sufficient to state a claim against them." *See Kuhn v. Milwaukee Cnty.*, 59 F. App'x 148, 150 (7th Cir. 2003). Thus, Ms. Brown has failed to state a claim against Keely Properties and has not adequately informed Keely Properties of the nature of the claims posed against it. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (stating that a complaint suffices even if it does not state all the facts necessary to prevail but makes a "short and plain" statement of the claims that notify the defendant of the "principal events").

As for Ms. Brown's Motion for Permission to Appeal In Forma Pauperis and Affidavit, she presents them to the Court on a form for the United States Court of Appeals for the Eleventh Circuit. (ECF 5). The cause numbers she cites on the form are not related to the current matter before this Court and are instead related to separate proceedings before the Indiana Court of Appeals. (*Id.*). In this motion, Ms. Brown articulates that "[n]ew and or current evidenced has surfaced," and that "financial

status has changed." *Id.* Even construing Ms. Brown's motion to appeal *in forma pauperis* liberally, the only possible conclusion is that she has filed this motion to avoid paying filing fees for an appeal of the state court cases identified in the form. *Id.*; *see Jones*, 39 F.3d at 163. Any appeal of the state court cases cannot be taken in this Court, which lacks jurisdiction to hear it. *See Long v. Shorebank Dev. Corp. et al.*, 182 F.3d 548, 544 (7th Cir. 1999) ("Under the *Rooker–Feldman* doctrine, lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments."). Moreover, no orders or judgment have been entered in this case that could be appealed to the Seventh Circuit. *See* Fed. R. App. P. 4(a)(1)(A).

Accordingly, Ms. Brown's motion to proceed *in forma pauperis* (ECF 2) and motion for permission to appeal *in forma pauperis* (ECF 5) are both **DENIED**. Ms. Brown may file an amended complaint to comply with the federal rules and refile a motion to proceed *in forma pauperis* by **March 23, 2026**. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Any amended complaint must plead sufficient facts to allow the Court and Defendants to understand there is a plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Failure to comply with this deadline, plead federal jurisdiction, state a plausible claim, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of Ms. Brown's case without further notice.

With a long history of filing many meritless cases before this Court, Ms. Brown is **CAUTIONED** that future meritless, frivolous, or duplicative lawsuits filed in this Court may result in sanctions, including but not limited to dismissal of claims without any

4

opportunity to amend the complaint, other filing restrictions, or financial sanctions. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 185 (7th Cir. 1995).

SO ORDERED on February 23, 2026.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT